# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAMIAN STINNIE, et al.,<br><br>          *Plaintiffs*,<br><br>v.<br><br>RICHARD D. HOLCOMB, in his official capacity as the Commissioner of the VIRGINIA DEPARTMENT OF MOTOR VEHICLES,<br><br>          *Defendant*. | CASE NO. 3:16-cv-00044<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Plaintiffs have filed a petition for attorneys' fees and litigation expenses. Dkt. 234. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to the magistrate judge for proposed findings of fact and a recommended disposition. In his report and recommendation ("R&R"), the magistrate judge determined that a plaintiff who won a preliminary injunction that was not reversed or otherwise modified, but whose case was later dismissed as moot, is not a "prevailing party" entitled to attorneys' fees under 42 U.S.C. § 1988, and he recommended denying Plaintiffs' petition for attorneys' fees. Dkt. 243. Plaintiffs filed timely objections, Dkt. 247, obligating the Court to review *de novo* the portions of the R&R to which Plaintiffs objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

  Plaintiffs object to the magistrate judge's conclusion that this Court is bound to follow the Fourth Circuit's holding in *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), that a plaintiff who wins a preliminary injunction is not a prevailing party under § 1988. Dkt. 247 at 2; *see also* Dkt. 243 at 24–27. Plaintiffs urge the Court to "recognize[] that *Smyth* is no longer good law" and conclude that Plaintiffs are prevailing parties entitled to attorneys' fees. Dkt. 247 at 2.

1

Because it finds no error in the magistrate judge's reasoning or conclusion, the Court will overrule Plaintiffs' objections to the R&R and adopt the R&R as set forth herein. Accordingly, the Court will deny Plaintiffs' petition for attorneys' fees and litigation expenses.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's R&R within fourteen days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The district court conducts a *de novo* review of those portions of a magistrate judge's R&R to which the party made specific objections. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *Orpiano*, 687 F.2d at 48. The Court may give a magistrate judge's R&R "such weight as its merit commands and the sound discretion of the judge warrants," *United States v. Raddatz*, 447 U.S. 667, 682–83 (1980) (internal quotations omitted). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Although civil litigants bear their own attorneys' fees by default, *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370–71 (2019), a court may award attorneys' fees where a "specific and explicit" statutory provision authorizes fee shifting, *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). In certain civil rights actions, 42 U.S.C. § 1988(b) authorizes district courts to award "a reasonable attorney's fee" to the "prevailing party," other than the United States. A "prevailing party" is one who "receive[s] at least some relief on the merits" of the litigation. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). That relief on the merits must (1) "materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (per curiam) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)), and (2) be "marked by 'judicial *imprimatur*,'" as "when a

plaintiff secures an 'enforceable judgment on the merits' or a 'court-ordered consent decree,'" *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604–05 (2001)) (cleaned up) (emphasis in original).

## II. THE R&R

The magistrate judge's reasoning in the R&R proceeded in six steps.

First, the magistrate judge analyzed the reasoning underlying *Smyth*'s holding "that the grant of a preliminary injunction does not give rise to prevailing party status for an attorneys' fees petition." Dkt. 243 at 12 (citing *Smyth*, 282 F.3d at 277). As the magistrate judge explained, the Fourth Circuit's conclusion that preliminary injunction winners are not prevailing parties under § 1988 was based on "the now-outdated formulation of the preliminary injunction standard articulated in *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Company, Inc.*, 550 F.2d 189, 195 (4th Cir. 1977)." *Id.* at 14. Under the *Blackwelder* standard, "[a] plaintiff's burden to show a likelihood of success on the merits . . . varie[d] according to the harm the plaintiff would be likely to suffer absent an injunction." *Id.* (quoting *Smyth*, 282 F.3d at 276). Thus, in his view and considering "the inconsistent and abbreviated nature of the merits inquiry, the flexible 'interplay' of the *Blackwelder* factors, and the 'incorporation (if not the predominance) of equitable factors,'" the *Smyth* court announced a bright line rule that preliminary injunctions do not make plaintiffs prevailing parties under § 1988. *Id.* at 16 (quoting *Smyth*, 282 F.3d at 277 & n.8).

Second, the magistrate judge acknowledged Plaintiffs' contention that the Supreme Court's holding in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), altered the preliminary injunction standard in the Fourth Circuit by requiring a plaintiff to "establish that he

3

is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Indeed, the Fourth Circuit later recognized that "[t]he *Winter* requirement that the plaintiff clearly demonstrate that it will *likely succeed* on the merits is far stricter than the *Blackwelder* requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *and aff'd in relevant part*, 607 F.3d 355 (4th Cir. 2010) (emphasis in original).

Third, the magistrate judge concluded that the Supreme Court has not squarely decided the issue before the Court. In *Sole v. Wyner*, the Supreme Court held that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision *if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded*." 551 U.S. 74, 78 (2007) (emphasis added). And in *Lefemine v. Wideman*, 568 U.S. 1 (2012) (per curiam), the Supreme Court held that a *permanent* injunction based on a finding on summary judgment "that the defendants had violated [the plaintiff's] rights," *id.* at 5, and "order[ing] the defendant officials to change their behavior in a way that directly benefited the plaintiff," *id.* at 2, "worked the requisite material alteration in the parties' relationship," *id.* at 5, making the plaintiff a prevailing party under § 1988. Neither case, however, addressed whether a merits-based preliminary injunction that is *not* later undone makes a plaintiff a prevailing party under § 1988. Dkt. 243 at 17–18.

Fourth, the magistrate judge addressed Plaintiffs' argument that the Fourth Circuit's decision in *Smyth* is out of step with the holdings of other circuit courts. The magistrate judge noted that "almost every circuit agrees that a merits-based preliminary injunction that is not undone

4

or otherwise modified by a later court order may confer prevailing party status entitling the plaintiff to an award of attorneys' fees." Dkt. 243 at 19; *see id.* at 19–21 (collecting cases).[1] Still, he concluded that "out-of-circuit precedent is not binding upon this [C]ourt" and that "this Court is required to follow controlling Fourth Circuit law." *Id.* at 21.

Fifth, the magistrate judge examined this Court's preliminary injunction in this case. *Id.* at 2–7; 22–24 (citing *Stinnie v. Holcomb*, 355 F. Supp. 3d 514 (W.D. Va. 2018)). He concluded that the preliminary injunction, which was granted under the *Winter* standard, "was thoroughly merits-based" and "was an enforceable court order, carrying all the necessary judicial imprimatur, . . . that 'materially altered the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefited' Plaintiffs." *Id.* at 22 (quoting *Lefemine*, 568 U.S. at 4) (internal citation omitted). The magistrate judge explicitly rejected Defendant's arguments that Plaintiffs cannot achieve prevailing party status because the preliminary injunction (1) granted only some of the relief Plaintiffs requested, *id.* at 23, and (2) could (or would) have been reversed if the case had not been mooted by legislation repealing the statute that Defendants were enjoined from enforcing against Plaintiffs, *id.* at 23–24.

Finally, the magistrate judge concluded that, despite Plaintiffs' argument "that the rationale supporting the Fourth Circuit's decision in *Smyth* has been materially undermined by the Supreme Court's later decisions in *Winter* and *Lefemine*," *id.* at 24, this Court is nevertheless bound to

---

[1] *See, e.g.*, *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 542 (6th Cir. 2019), *cert. denied sub nom. Yost v. Planned Parenthood Sw. Ohio Region*, 141 S. Ct. 189 (2020); *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013); *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013); *Kan. Jud. Watch v. Stout*, 653 F.3d 1230, 1238 (10th Cir. 2011); *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233 (3d Cir. 2008); *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008); *Dupuy v. Samuels*, 423 F.3d 714, 723 n.4 (7th Cir. 2005); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 948 (D.C. Cir. 2005); *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997).

follow *Smyth*, which "has not been explicitly overruled by either the Fourth Circuit or by the Supreme Court" and "remains controlling law in this Circuit," *id.* at 25.

### III. ANALYSIS

Plaintiffs object to the final step of the magistrate judge's reasoning in the R&R. Plaintiffs argue that the Supreme Court's holdings in *Winter* and *Lefemine* "fatally undermine[]" *Smyth*'s "underpinnings" and that this Court is no longer bound to follow *Smyth*. Dkt. 247 at 11. Specifically, Plaintiffs contend that *Winter*'s requirement that a plaintiff show a likelihood of success on the merits to obtain a preliminary injunction "pulled the chair out from under *Smyth*," whose holding "revolved around concerns regarding the 'necessarily abbreviated' nature of preliminary injunctions at the time." *Id.* at 12 (quoting *Smyth*, 282 F.3d at 276). In light of intervening precedent, Plaintiffs opine, the Fourth Circuit would rule differently—and in their favor—if it faced this question today. *Id.* at 13.

A published Fourth Circuit decision is binding on this Court unless the Fourth Circuit overrules its prior decision or the Supreme Court issues a superseding decision. *See United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020) ("A decision of a panel of this court becomes *the law of the circuit* and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (citation omitted) (emphasis added); *see also Warfaa v. Ali*, 811 F.3d 653, 661 (4th Cir. 2016) ("One panel's decision is binding, not only *upon the district court*, but also upon another panel of this court—unless and until it is reconsidered *en banc*.") (internal quotation marks and citation omitted) (emphasis added). Neither is the case here. No Fourth Circuit opinion has overruled *Smyth*. Nor has the Supreme Court issued a superseding decision.

6

Plaintiffs argue, however, that the Supreme Court's decisions in *Winter* and *Lefemine* undermine *Smyth*'s reasoning. This may be so. But even if it agreed with Plaintiffs' argument, the Court must follow binding circuit precedent. Plaintiffs have cited no authority permitting this Court to disregard the Fourth Circuit's binding precedent in *Smyth*.

Moreover, the Court is not persuaded that *Winter* and *Lefemine* have so directly undermined *Smyth*'s reasoning that this court should disregard *Smyth*. In *Smyth*, the Fourth Circuit acknowledged that some preliminary injunctions involved a showing on the merits nearly identical to—or even stronger than—the one the Supreme Court later articulated in *Winter*:

> At the most, a party seeking a preliminary injunction may have to demonstrate a strong showing of likelihood of success or a substantial likelihood of success by clear and convincing evidence in order to obtain relief. . . . A district court's determination that such a showing has been made is best understood as a prediction of a probable, but necessarily uncertain, outcome. . . . The fact that a preliminary injunction is granted in a given circumstance, then, by no means represents a determination that the claim in question will or ought to succeed ultimately; that determination is to be made upon the deliberate investigation that follows the granting of the preliminary injunction.

282 F.3d at 276 (internal quotation marks and citations omitted). *Winter* changed the preliminary injunction analysis by requiring a plaintiff to "establish that he is likely to succeed on the merits." 555 U.S. at 20. Thus, while a Fourth Circuit plaintiff at the time *Smyth* was decided *may have* shown that he was likely to succeed on the merits to obtain a preliminary injunction under the *Blackwelder* test, he was not *required* to do so until after *Winter*.

But the *Smyth* court clearly considered—and rejected—the plaintiffs' argument that "*some* preliminary injunctions are sufficiently based on the merits to serve as a basis for an award of attorneys' fees." 282 F.3d at 277 n.9 (emphasis added). Indeed, the Fourth Circuit denied plaintiffs' request for attorneys' fees even though the district court granted the preliminary injunction in *Smyth* after finding "that the denial of benefits for noncooperation because of a claimant's inability

to identify the father of her children contradicted the plain language of then-applicable federal regulations, and that the plaintiffs were thus *likely to succeed on the merits*." *Id.* at 272 (emphasis added). Instead, the *Smyth* court adopted a bright line rule that preliminary injunction awardees are not prevailing parties under § 1988: "The preliminary injunction inquiry, because of the preliminary, incomplete examination of the merits involved and the incorporation (if not the predominance) of equitable factors, is ill-suited to guide the prevailing party determination *regardless of how it is formulated*."[2] *Id.* at 277 n.8 (emphasis added). This statement is just as true of the *Winter* inquiry as it is of the *Blackwelder* one.

Furthermore, although *Lefemine* was decided after *Smyth*, the Supreme Court's brief per curiam decision implies that *Lefemine* involved a straightforward application of precedent in *Farrar v. Hobby*—which was decided a decade before *Smyth*. *See Lefemine*, 568 U.S. at 4 (quoting *Farrar*, 506 U.S. at 111–12). In addition, a permanent injunction (like the one granted in *Lefemine*) differs from a preliminary injunction because it is based on a finding of success on the merits—not the *likelihood* of such success. Again, nothing in *Lefemine* alters the *Smyth* court's reasoning that the preliminary injunction merits showing "is best understood as a prediction of a probable, but necessarily uncertain, outcome" and that the granting of a preliminary injunction "by no means

---

[2] The *Smyth* court made this statement in response to Judge Luttig's concurrence in *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 868–70 (4th Cir. 2001) (Luttig, J., concurring). 282 F.3d at 277 n.8. In *Safety-Kleen*, Judge Luttig argued that *Blackwelder* "contravene[d] Supreme Court precedents by overvaluing the inquiry into the relative equities of granting and denying a requested injunction to an extent that essentially denies any value whatsoever to the inquiry into the likelihood of success on the merits," thereby "virtually eliminat[ing] altogether the inquiry into the likelihood of success on the merits—in doctrine, though, . . . no longer in practice . . . ." 274 F.3d at 868. Significantly, the *Smyth* court considered Judge Luttig's critique and determined that "[w]hatever the merits of this argument, *it does not alter our conclusion here*"—that is, even if the preliminary injunction standard required an inquiry into the likelihood of success on the merits, the *Smyth* court would still conclude that a preliminary injunction does not confer prevailing party status under § 1988. 282 F.3d at 277 n.8.

represents a determination that the claim in question will or ought to succeed ultimately." 282 F.3d at 276.

Therefore, whether the Fourth Circuit would overrule *Smyth* today is, at best, unclear. But in any event, the Fourth Circuit is the court to make that determination, not this Court.

## IV. CONCLUSION

For these reasons, the Court will overrule Plaintiffs' objections and adopt the R&R as set forth herein. Accordingly, the Court will deny Plaintiffs' petition for attorneys' fees and litigation expenses.

An appropriate Order will issue.

It is so **ORDERED**.

Entered this __4th__ day of June, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE